IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER FERLICCHI,
an individual,

    Plaintiff,                     CASE NO.:

v.

SARASOTA COUNTY PUBLIC HOSPITAL
DISTRICT, a Florida Independent Special District,
d/b/a SARASOTA MEMORIAL HOSPITAL and
SARASOTA MEMORIAL HEALTH CARE SYSTEM

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER FERLICCHI ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT, a Florida Independent Special District, d/b/a SARASOTA MEMORIAL HOSPITAL and SARASOTA MEMORIAL HEALTH CARE SYSTEM ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages that exceed $30,000.00 exclusive of prejudgment interest, attorneys' fees, and costs. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1337; 28 U.S. C. 2201; Title VII of the Federal Civil Rights Act of 1964, as amended, 28 U.S.C. 1331 and 1367, the Florida Civil Rights Act, as

amended, § 760.01, Florida Statutes ("FCRA"), the Florida Whistleblower Act, § 448.102 et seq. ("FWA"), and as a result of Defendant's sexual harassment and retaliation against Plaintiff, in violation of Title VII; and the FCRA and 42 U. S. Code § 1983.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, as a substantial portion of the events giving rise to this claim occurred in this Judicial District and therefore proper pursuant to 28 U.S.C. 1391(b).

## THE PARTIES

3. The Plaintiff, JENNIFER FERLICCHI, at all times relevant to the causes of action, was a resident of Manatee County, Florida.

4. The Defendant, SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT, a Florida Independent Special District, d/b/a SARASOTA MEMORIAL HOSPITAL and SARASOTA MEMORIAL HEALTH CARE SYSTEM with fifteen (15) or more employees, located in Sarasota, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees. Defendant, at all times material hereto, was Plaintiff's employer as that term is defined under Title VII, FWA, FCRA, and Florida Statute § 760.

6. The Plaintiff timely filed an administrative Charge of Discrimination with the EEOC prior to her termination and again on February 26, 2020. On or about November 25, 2020, the EEOC issued its Letter of Determination and Notice of Right to Sue. Plaintiff has exhausted all administrative remedies.

## FACTS

7. The Plaintiff is a female.

8. The Plaintiff was hired by the Defendant as a cardiac transport nurse on June 5, 2015.

9. Part of the Plaintiff's duties include access to patient's medical charts.

10. On April 26, 2019, the Plaintiff sent an email to her direct supervisor, Spencer Hudon, regarding a patient safety issue.

11. Mr. Hudon responded by email stating "this email sounds as though you need to find another position".

12. On May 11, 2019, a fellow employee asked the Plaintiff how her former boyfriend, Paul Nowakowski, also a fellow employee, trip to China was going.

13. The Plaintiff responded that she did not know when he would return. The employee, without the Plaintiff's request or acquiescence, accessed Mr. Nowakowski's schedule on the computer and gave it to the Plaintiff.

14. In May of 2019, the Plaintiff was called into her supervisor's, Spencer Hudon, office also present was the Director of Human Resources, Susan Curran.

15. Plaintiff was informed that Amber Taylor, Paul Nowakowski's supervisor, filed a complaint against the Plaintiff.

16. The allegations contained in the complaint included that the Plaintiff accessed Paul Nowakowski's timecard and that the Plaintiff was sending harassing and threatening emails to nurse Jogina Oliver.

17. At the meeting, the Plaintiff was asked if she was pregnant and about her personal life.

18. An investigation was conducted by the Defendant concerning the accusations made against the Plaintiff.

19. In June of 2019, the Plaintiff was informed that the complaints against her could not be validated. The Plaintiff was told to keep her private life private.

20. On September 6, 2019, the Plaintiff attended a meeting with Clinical Coordinator of Patient Safety Attendants, Joshua Baumgard. Mr. Baumgard informed the Plaintiff, that approximately ten (10) days earlier he was informed by Executive Director, Janet Steves that he should stay away from the Plaintiff because she likes to pursue married men, have their babies and extort them for money. Ms. Steves stated this was how the Plaintiff had her current child. Ms. Steves statements were also heard by Lissett Masucci, Clinical Manager of the Float Team.

21. Mr. Baumgard informed the Plaintiff that he was going to report Ms. Steves' comments to the Human Relations Office along with several other issues.

He stated that he was going to take a four week leave of absence to get away from the toxic work environment.

22. On September 9, 2019, the Plaintiff met with Conra Frazier, Senior Employee Relations Consultant, to discuss Plaintiff's concerns about the harassing behavior and hostile work environment she was experiencing.

23. On October 4, 2019, the Plaintiff had a follow up meeting with Ms. Frazier. The Plaintiff was informed that Ms. Masucci admitted hearing the statements made by Ms. Steves. Ms. Steves admitted making the statements about the Plaintiff. Ms. Steves stated she made the comments in an attempt to cover-up Mr. Baumgard's poor work performance. Ms. Steves stated that the Plaintiff had allegedly been in Mr. Baumgard's office distracting him from his work.

24. The Plaintiff was never informed by Mr. Baumgard that she was allegedly distracting him. Mr. Baumgard never informed the Human Resources Office of his alleged complaints.

25. When asked about the comments concerning the Plaintiff, Ms. Steves stated she heard them from the Plaintiff's former boss Susan Salamey. Ms. Salamey subsequently denied making the statements.

26. The Plaintiff was told Ms. Steves would receive discipline for her actions concerning the Plaintiff, however, the Plaintiff was never informed if any discipline occurred.

27. In October of 2019, the Plaintiff was called into her Director, Julie Polaszek's Office. The Plaintiff was accused of allegedly starting a rumor that the Plaintiff's boss and the Chief Nursing Officer were having an affair. The Plaintiff denied the accusations and was told by Ms. Polaszek that she believed the Plaintiff.

28. On November 2, 2019, the Plaintiff sent an email to two nurses and one alternate nurse who were covering her work schedule while she was on vacation. The nurses were concerned that they did not have enough training to cover the Plaintiff's work, so the Plaintiff sent them some written tips on what to do.

29. On November 8, 2019, Mr. Hudon sent an email stating he needed to correct some misinformation sent by the Plaintiff. The email changed the types of patients that were being transported and the work schedule for the Plaintiff and her department.

30. Upon seeing Mr. Hudon's email, the Plaintiff sent an email to Ms. Polaszek to discuss Mr. Hudon's email, however, despite Ms. Polaszek's saying a meeting would be set-up, no meeting ever occurred.

31. On November 8, 2019, the Plaintiff called Jamille Byrd, Senior Nursing Recruiter to check the status of an application the Plaintiff had filed for another position at the hospital. Ms. Byrd stated that the Plaintiff was the top candidate, no one else was more qualified and she would be shocked if the Plaintiff did not receive the position.

32. On November 13, 2019, the Plaintiff returned to work from her vacation. The Plaintiff was called into Mr. Hudon's office and upon her arrival was escorted by Mr. Hudon to the Risk Management Office.

33. At Risk Management was the Director of Risk Management, Rae DaPrato, Susan Curran and a risk management clinician Shawn McKee. The Plaintiff was told she was the subject of a complaint made on October 2, 2019. The allegation was she accessed another employee's chart.

34. When the allegation was not validated, the Defendant checked the Plaintiff's chart access for the prior year.

35. The Plaintiff asked, but was not told, who made the complaint. The Plaintiff asked if the complaint was validated and did not receive a response.

36. The Plaintiff asked for access to a computer and the electronic transport log to respond to the complaint but was refused the same. The Plaintiff was sent home on administrative leave.

37. On November 13, 2019, the Plaintiff was informed that the position she applied for at the hospital was given to someone else.

38. On November 15, 2019, the Plaintiff was asked to return to the Risk Management Office to review their findings. Upon her arrival, the Plaintiff was told based on the criteria the Plaintiff had given them for placing patients on a list they had additional questions.

39. The Plaintiff never provided criteria to risk management.

40. The Plaintiff was informed that she allegedly accessed patient charts from the psychiatric unit. The Plaintiff denied the accusation and asked for a computer to show that the accusation was impossible because the Plaintiff did not security clearance to access the files. The Plaintiff's request was denied.

41. The Plaintiff was told that she had improperly accessed her own personal files. The Plaintiff stated that she had previously executed a waiver and she was allowed to access her own files. The Plaintiff was told despite executing the waiver given to her she could not access her own files.

42. The Plaintiff was terminated. The reason given for her termination was that she did not need to access patient files to do her job effectively.

43. After the Plaintiff was terminated, the Defendant determined that she had not accessed another employee's chart for the one year prior to the alleged complaint.

44. After the Plaintiff's termination, she was informed that the complainant was Marcos Alvarez, an employee of Mr. Hudon's, who was given the Plaintiff's job.

## COUNT I - UNLAWFUL HARASSMENT BASED ON SEX IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

45. Plaintiff restates and realleges the factual allegations contained in paragraphs 1 through 44 above.

46. Plaintiff's sex was a motivating factor that caused Defendant to harass the Plaintiff and terminate her employment. Moreover, she would not have been harassed and/or terminated but for this unlawful motive.

47. The Defendant's harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and created a discriminatorily abusive working environment.

48. The Defendant was aware of the sexual harassment against the Plaintiff and failed to take remedial action.

49. Any legal reasons that Defendant gives for the harassment and/or termination are merely a pretext for unlawful sexual harassment.

50. As a result of the harassment described above, the Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs. The harassment described above was done willfully, maliciously and with reckless disregard for Plaintiff's rights under state law.

51. As a direct and proximate result of the harassment and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendant and relief in

the form of economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgement interest, liquidated damages and any other relief that the court deems appropriate.

## COUNT II – SEX HARASSMENT BASED ON TITLE VII

52. Plaintiff restates and realleges the factual allegations contained in paragraphs 1 through 44 as so fully stated herein.

53. Title VII makes it unlawful for an employer to harass an employee based on that person's sex.

54. Defendant's harassment was because of Plaintiff's sex in violation of Title VII.

55. Defendant's alleged basis for harassment is pretextual and asserted only to cover up the harassment.

56. Even if Defendant could assert a legitimate reason for their actions, Plaintiff's sex was also a motivating factor.

57. As a result of Defendant's harassment, Plaintiff has suffered and will continue to suffer economic damages, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff requests lost economic damages, back pay, front pay, and compensatory damages.

58. Plaintiff also request that attorney's fees and cost be awarded pursuant to Title VII.

WHEREFORE, Plaintiff prays for the entry of judgment against Defendant and award of economic damages, back pay, front pay, compensatory damages, liquidated damages and attorney's fees and cost, all as permitted by law for violation of Title VII.

## COUNT III– RETALIATION UNDER TITLE VII

59. Plaintiff repeats the allegations contained in paragraphs 1 through 44 as so fully stated herein.

60. Title VII makes it unlawful for an employer to retaliate against an employee who as opposed to any practice, made an unlawful employment practice by Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII.

61. Title VII prohibits sexual harassment and sex discrimination.

62. Defendant's adverse conduct and discharge of Plaintiff, as enumerated above was because of her sexual harassment complaints and violation of Title VII.

63. Defendant's alleged basis for the adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the retaliatory nature of the conduct.

64. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's complaint against Defendant and their employees, for sexual harassment were the motivating factors for Defendant's adverse conduct towards Plaintiff and Plaintiff's termination.

65. As a result of Defendant's retaliatory and adverse conduct, Plaintiff has suffered and will continued to suffer economic damages, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff requests lost economic damages, back pay and front pay, and compensatory damages.

66. Plaintiff also request that her attorney's fees and cost be awarded under Title VII.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant and an award of economic damages, back pay, front pay, compensatory damages, liquidated and attorney's fees and cost all as permitted by law for violation of Title VII.

## COUNT IV – RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT

67. Plaintiff repeats the allegations contained in paragraphs 1 through 44 as so fully stated herein.

68. FCRA makes it unlawful for an employer to retaliate against an employee who is engaged in a statutorily protected activity.

69. FCRA prohibits sexual harassment and sex discrimination.

70. Defendants adverse conduct and discharge of Plaintiff, as enumerated above was because of her complaints involving sexual harassment.

71. Defendants alleged basis for the adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the retaliatory nature of the conduct.

72. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's complaint against Defendant and their employees, her involvement in sexual harassment were the motivating factors for Defendant's adverse conduct towards Plaintiff and Plaintiff's termination.

73. As a result of Defendants retaliatory and adverse conduct, Plaintiff has suffered and will continued to suffer economic damages, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff requests lost economic damages, back pay and front pay, and compensatory damages.

74. Plaintiff also request that her attorneys' fees and cost be awarded under FCRA.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant and an award of economic damages, back pay, front pay, compensatory damages, liquidated damages and attorneys' fees and cost all as permitted by law for violation

of FCRA.

## COUNT V– RETALIATION UNDER FLORIDA WHISTLEBLOWER ACT

75. Plaintiff repeats the allegations contained in paragraphs 1 through 44 as so fully stated herein.

76. The FWA prohibits retaliatory personnel action against an employee because the employee has: a. disclosed to an appropriate governmental agency, under oath, in writing, in activity, policy or practice of the employer that is in violation of the law, rule or regulation; b. provided information to, or testified before, any appropriate governmental agency, person or entity conducting an investigation, hearing or inquiry into an alleged violation of law, rule or regulation by the employer; or c. objected to or refused to participate in, any activity, policy, or practice of the employer which is in violation of the law, rule or regulation.

77. Defendant's adverse conduct and discharge of Plaintiff, as enumerated above, was because of her complaint about unlawful patient safety practices.

78. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the retaliatory nature of its conduct.

79. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination which reasons it does not have, Plaintiff's complaint about patient safety, sexual harassment, and her involvement

in sexual harassment investigation were also motivating factors for Defendant's adverse conduct towards Plaintiff and Plaintiff's termination.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant and an award of economic damages, back pay, front pay, compensatory damages, liquidated damages and attorney's fees and cost all as permitted by law for violation of FWA.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

Dated this 17th day of February 2021.

_____
ANDREW J. SALZMAN, ESQUIRE
Florida Bar # 0603929
UNICE SALZMAN JENSEN, P.A.
1815 Little Road
Trinity, Florida 34655
Telephone (727)723-3772
Facsimile (727)723-1421
Email Address: asalzman@unicesalzman.com
Secondary Email Addresses: service@unicesalzman.com
cposs@unicesalzman.com
Attorney for the Plaintiff